12-3435-cv
Taggart v. Office of Inspector General

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

CYNTHIA C. TAGGART,

*Plaintiff-Appellant*,

v.                                                                    12-3435-cv

OFFICE OF INSPECTOR GENERAL (OIG), OFFICE OF PROFESSIONAL RESPONSIBILITY (OPR), FEDERAL BUREAU OF INVESTIGATION (FBI), UNITED STATES EXECUTIVE OFFICES OF U.S. ATTORNEYS (EOUSA), OFFICE OF INFORMATION POLICY (OIP),

*Defendants-Appellees*.

---

Appearing for Appellant:                     Cynthia C. Taggart, *pro se*, West Babylon, NY

Appearing for Appellees:           Cristine Irvin Phillips (Benjamin H. Torrance, Sarah Sheive Normand, *on the brief*), Assistant United States Attorneys, for Preet Bharara, United States Attorney, United States Attorney's Office for the Southern District of New York, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Cynthia C. Taggart, proceeding *pro se*, appeals the district court's order denying her motion for reconsideration, construed as brought pursuant to Federal Rule of Civil Procedure 60(b), of its grant of summary judgment to several federal agencies on her Freedom of Information Act ("FOIA"), Privacy Act, and Patriot Act claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal Rule of Appellate Procedure 3(c) provides that "[t]he notice of appeal must . . . designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). While a notice of appeal is construed liberally, appellate jurisdiction "depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notice[] of appeal." *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007). The Court "do[es] not have the authority to waive the jurisdictional requirements of this rule," even where a party waives objection to jurisdiction. *Id.* at 130; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 652 (2012) (reaffirming jurisdictional nature of Rule 3(c)). On its face, Appellant's notice of appeal challenges only the district court's order denying reconsideration, not its underlying grant of summary judgment. Although Appellees seek to waive any objection on this basis, Rule 3 requirements "may not be waived because they are jurisdictional in nature." *New Phone Co.*, 498 F.3d at 131. Therefore, this Court lacks jurisdiction over Taggart's challenge to the underlying grant of summary judgment.

This Court reviews a district court's denial of a motion to reconsider for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A district court abuses its discretion when its decision rests on an error of law or a clearly erroneous factual finding, or when its decision, though not necessarily the product of legal error or a clearly erroneous finding of fact, cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). An independent review of the record and relevant case law reveals that the district court did not abuse its discretion in denying reconsideration. Appellant's reference to discovery of new audiotapes of calls between her and the Federal Bureau of Investigation is not substantiated by any evidence. Indeed, even if it were, Taggart does not demonstrate that the Appellees' alleged searches were deficient, or that Appellees engaged in bad faith in withholding or redacting certain information. Instead, the record demonstrates that the redactions occurred to protect the identity of law enforcement

2

agents, which Taggart has repeatedly reiterated she does not seek, and no public interest would be served by disclosure. Taggart's contention that the district court erroneously characterized her conspiracy allegations as "delusional" similarly does not entitle her to relief, particularly where the court did not in any fashion belittle Taggart's claimed medical conditions. Thus, where Taggart provided no additional evidence that the court was in error, nor demonstrated any extraordinary circumstances that would warrant relief under Rule 60(b)(6) we affirm the district court's denial of reconsideration.

We have considered all of Taggart's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3